UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISRAEL ANTONIO-MORALES ) | CIVIL ACTION NO. 08-5105 |
| JUAN HERNANDEZ-HERNANDEZ ) | |
| PRISCILIANO ANTONIO-HERNANDEZ ) | |
| ISRAEL HERNANDEZ-ANTONIO ) | |
| PEDRO HERNANDEZ-ANTONIO ) | |
| EZEQUIEL MORALES MARTINEZ ) | |
| DAMIAN MARTINEZ-RUBIO ) | SECTION: D |
| REYNALDO REYES-REZENDDIZ ) | MAGISTRATE 2 |
| J. JESUS MARTINEZ-HERNANDEZ ) | |
| ELEAZAR HERNANDEZ-ANTONIO ) | |
| ROGELIO MORALES-CANDELARIA ) | |
| MARCOS SABINO ANTONIO-ANTONIO ) | |
| ERASTO MORALES-HERNANDEZ ) | |
| GAUDENCIO ANTONIO-DOMINGUEZ ) | |
| on behalf of themselves ) | |
| and all others similarly situated ) | |
|     COLLECTIVE ACTION ) | |
|         Plaintiffs, ) | |
| v. ) | |
| ) | |
| BIMBO'S BEST PRODUCE, INC AND ) | |
| CHARLES "BIMBO" RELAN, individually ) | |
| and a/k/a BIMBO'S BEST PRODUCE ) | |
|         Defendants ) | |

**UNITED STATES' COMPLAINT OF INTERVENTION**

The United States of America, alleges the following:

1. Pursuant to Federal Rules of Civil Procedure, Rule 24(b) the United States is seeking

   permissive intervention in this matter, for the limited purpose of moving for a stay of civil

discovery proceedings in the above captioned matter.

2. Upon intervention, the United States is further seeking a stay of civil discovery proceedings in the above-captioned matter, pending the completion of the ongoing federal criminal investigation of Defendants and the conclusion of any resulting prosecution.

3. Neither Plaintiffs nor Defendants in this matter objects to the United States' motion to intervene and to stay civil discovery proceedings.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to several federal statutes. This Court has jurisdiction over Plaintiffs Fair Labor Standard Act (FLSA) claims pursuant to Title 29 U.S.C. § 216(b), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce). This Court has jurisdiction over Plaintiffs' Trafficking Victims' Protection Act (TVPA) claims pursuant to 18 U.S.C. § 1595(a), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce). The Court has supplemental jurisdiction over Plaintiffs' causes of action based on state law pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy. Additionally, Title 28 U.S.C. § 1345 confers upon the district courts, original jurisdiction of all civil actions, suits or proceedings commenced by the United States, except as otherwise provided by Act of Congress.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## THE PARTIES

6. Defendants allegedly employed Plaintiffs, who had been recruited for an H-2A Visa program for the 2005-2006, 2006-2007, and 2007-2008, agricultural seasons to work on Defendants'

strawberry farm in Amite, Louisiana

7. On February 27, 2008, the United States initiated a criminal investigation of Defendants for possible violations of federal human trafficking, including potential violations of Title 18 U.S.C. §§ 1589, 1590, and 1592, relating to the Plaintiffs working conditions and constraints during some or all of the period that they worked for Defendants. This criminal investigation is currently active and ongoing.

8. On December 10, 2008, Plaintiffs initiated the instant civil action in federal court in the Eastern District of Louisiana, alleging the following five causes of action: (1) a claim by named Plaintiffs for compensatory and punitive damages, pursuant to 18 U.S.C. § 1595, in relation to alleged criminal violations of 18 U.S.C. § 1590; (2) a claim by named Plaintiffs for compensatory and punitive damages, pursuant to 18 U.S.C. § 1595, in relation to Defendants' alleged violation of 18 U.S.C. § 1589; (3) a collective action, brought by Plaintiffs on behalf of themselves and all other similarly situated workers, for declaratory relief and damages, pursuant to 29 U.S.C. § 216(b), for Defendants' alleged violation of the minimum wage and overtime provisions of the Fair Labor Standards Act; (4) a claim by named Plaintiffs for relief pursuant to the law of the State of Louisiana for the Defendants' alleged breaches of labor contracts; and (5) a claim by named Plaintiffs for damages associated with alleged battery committed by Defendants. *Record Docket Numbers 1, 8.*

9. Defendants responded to that complaint on February 23, 2009. *Record Docket Number 17*.

10. The Government asserts that it has a direct and substantial interest in this civil action that can not be protected by the civil litigants and that will be impaired if the government is denied permission to intervene. Plaintiffs' first and second causes of action, which were brought pursuant to Section 1595, involve facts and events relevant to the federal human trafficking

crimes under investigation; in this way, both the civil and criminal inquiry seek to determine whether Defendants violated Plaintiffs' civil rights by coercing through their labor through the use of any and all of the prohibited means set forth in 18 U.S.C. Sections 1589 (and referenced in Sections 1590 and 1592). The civil claims alleged in the Plaintiffs' third, fourth and fifth cause of actions relate to facts relevant to the criminal investigation of human trafficking crimes because the alleged violation of labor laws, alleged breaches of contracts and alleged battery are all relevant to the means and motives for committing the alleged acts under investigation. As a result, all of the civil causes of action pertain to the same facts and law as the criminal inquiry and to any resulting prosecution.

## THE LAW

11. Title 18 U.S.C. § 1589 criminalizes human trafficking in the form of forced labor. This statute makes it unlawful to provide or obtain the labor or services of another person by (1) threats of serious harm or physical restraint; (2) by means of any scheme, plan or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or (3) by means of the abuse or threatened abuse of law or the legal process.

12. Title 18 U.S.C. § 1590 criminalizes human trafficking with respect to peonage, slavery, involuntary servitude, or forced labor. This statute prohibits the recruitment, harboring, transportation, provision or obtaining a person for labor or services in violation of a servitude or trafficking offense.

13. Title 18 U.S.C. § 1592 criminalizes the act of knowingly destroying, concealing, removing, confiscating, or possessing any actual or purported passport or other immigration document of another person in the course of a violation of Section 1589; or with the intent to violate

Section 1589; <u>or</u> in order to prevent, or restrict, or attempt to prevent or restrict, without lawful authority, the person's liberty to move or travel in order to maintain the labor or services of that person.

14. Title 18 U.S.C. § 1595 articulates provisions for a civil remedies in human trafficking cases. It provides that(a) an individual who is a victim of a violation of section 1589, 1590, or 1591 may bring a civil action against the perpetrator in an appropriate district court of the United States and may recover damages and reasonable attorneys fees; and (b)(1) any civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim. In subsection1595(b)(2), it also specifies that for purposes of this statute, a "criminal action" includes investigation and prosecution and is considered to be pending until final adjudication in the trial court.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that its motion to intervene and to stay civil discovery proceedings, pending the resolution the ongoing human trafficking criminal investigation and any resulting prosecution of Defendants, be GRANTED.

>Respectfully submitted,
>
>LORETTA KING
>ACTING ASSISTANT ATTORNEY GENERAL
>CIVIL RIGHTS DIVISION
>UNITED STATES DEPARTMENT OF JUSTICE
>
>/s/ Kayla Bakshi
>KAYLA BAKSHI
>Trial Attorney, Civil Rights Division
>United States Department of Justice
>601 D Street NW, Washington, DC 20004
>Telephone No. (202) 514-8286
>Kayla.Bakshi@usdoj.gov

Dated April 16, 2009