FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

UNITED STATES DISTRICT COURT    2009 APR 20  PM 2: 03
FOR THE EASTERN DISTRICT OF LOUISIANA

LORETTA G. WHYTE
CLERK

ISRAEL ANTONIO-MORALES et al.,     )
Plaintiffs,                        )
                                   )      **CIVIL ACTION**
v.                                 )      No. 8:5105
                                   )      Sec. D,  Mag. 2
BIMBO'S BEST PRODUCE, INC., et al.,)
Defendants.                        )      **COLLECTIVE ACTION**
                                   )

### ORDER

Pending before the Court is Plaintiffs' Motion to Toll Statute of Limitations and to
*which is opposed by Defendants.*
Preserve Evidence, For the following reasons, Plaintiffs' Motion is **GRANTED**. *⚹*

**I.     BACKGROUND**

In December 2008, Plaintiffs, 19 Mexican nationals who were imported to the United

States by Defendants pursuant to H-2A temporary agricultural worker visas between 2005 and

2008, filed this lawsuit, alleging claims under the Trafficking Victims Protection Act, the Fair

Labor Standards Act ("FLSA"), and Louisiana contract and battery law.  Plaintiffs claim that

Defendants, *inter alia*, subjected Plaintiffs to a scheme of psychological coercion, threats of

serious harm, and threatened abuse of the legal process to force them to labor in unlawful and

exploitative conditions in Defendants' strawberry fields.

On February 18, 2009, Plaintiffs submitted to this Court a Motion for Expedited Court-

Authorized Notice to Similarly Situated Workers pursuant to 29 U.S.C. § 216(b) of the FLSA.

(Doc. No. 15.)  On March 4, 2009, this Court referred Plaintiffs' motion to the Magistrate Judge

for a report and recommendation.  (Doc No. 19.)  On March 31, 2009, the U.S. Department of

Justice filed a Motion to Intervene and to Stay Civil Proceedings.

*⚹ The motion is before the court on the briefs, without
oral argument.*

1

____ Fee_____
____ Process_____
_X_ Dktd_____
____ CtRmDep__(___)
____ Doc. No._____

In their Response to the government's motion, Plaintiffs recognize that the statutory language makes clear that a stay of their claims under Section 1595 is mandatory and acknowledge the impracticality of moving forward on their other closely related FLSA, contract, and battery claims while their Section 1595 claims are stayed. *See* 18 U.S.C. § 1595(b)(1) ("Any civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim."); *see also Ara v. Khan*, No. 7-cv-1251, 2007 U.S. Dist. LEXIS 43170, at *2, *4 n.2 (E.D.N.Y. June 14, 2007) (staying all proceedings pursuant to Section 1595(b)(1), including proceedings related to 11 claims for relief that were not brought under Section 1595). Plaintiffs do not, therefore, oppose the government's motion. Plaintiffs do, however, ask that the Court equitably toll the FLSA's statute of limitations for potential opt-in plaintiffs and enter an order requiring Defendants to preserve and protect potentially discoverable evidence related to this action during the pendency of the proposed stay.

## II.   ANALYSIS

The doctrine of equitable tolling permits a court to exercise its discretion to extend a plaintiff's statute of limitations when it would be inequitable to enforce the statute of limitations. The doctrine applies to cases brought under the FLSA because the doctrine of equitable tolling is "read into every federal statute of limitations." *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946). Courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b). *See, e.g., Partlow v. Jewish Orphans Home of S. Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981); *Roussell v. Brinker Int'l*, No. H-05-3733 (S.D. Tex. Nov. 4, 2008); *Johnson v. Big Lots Stores, Inc.*, No. 04-3201 (E.D. La. July 24, 2008);

*Faison v. Texas EZPawn, L.P.*, 2007 WL 1481047, at *1 (S.D. Tex. May 21, 2007); *Smith v. Heartland Automotive Servs., Inc.*, 404 F. Supp. 2d 1144, 1155 n.9 (D. Minn. 2005); *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312-13 (S.D. W.Va. 1986).

The Fifth Circuit has recognized that the invocation of equitable powers to suspend the running of statutes of limitations is proper in extraordinary circumstances in which aggrieved persons are unable to assert their rights. *See Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000) ("Equitable tolling is appropriate when an extraordinary factor beyond the plaintiff's control prevents his filing on time."); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("Equitable tolling applies principally where the plaintiff . . . is prevented in some extraordinary way from asserting his rights.") (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

The Court finds that equitable tolling is particularly appropriate in this case. Potential opt-ins stand to forfeit their claims through no fault of their own during the pendency of the stay, and Plaintiffs' counsel will be precluded from seeking judicial assistance pursuant to 29 U.S.C. § 216(b) to obtain information necessary to effectively issue notice to affected workers. Additionally, workers whose FLSA rights were violated by Defendants will be unable to join this action as named plaintiffs or opt-in plaintiffs during the stay and therefore will be unable to assert their rights and preserve their FLSA claims. Potential opt-in plaintiffs will be substantially prejudiced by the entrance of the requested stay, unless this Court tolls the statute of limitations for potential opt-in plaintiffs for the period of the stay.

III.   CONCLUSION

Having considered the briefs, the record and the applicable law, The Court ~~therefore~~ finds that Plaintiffs' Motion should be **GRANTED** and orders that and is hereby the statute of limitations of potential opt-in Plaintiffs under the FLSA be tolled for the period of

the 18 U.S.C. § 1595(b) stay.  This tolling also shall extend *not only* to those plaintiffs who initially file

consents under 29 U.S.C. § 216(b) but *also to those* who subsequently join the lawsuit as named plaintiffs.

The Court further **ORDERS** Defendants to preserve and protect during the pendency of the stay

all documents, data compilations (including electronically recorded or stored data), and tangible

objects that are in their custody or control, including the custody or control of their agents and

subagents, and that are relevant to the claims and defenses of the parties during the pendency of

the stay.

**IT IS SO ORDERED.**

 SIGNED at New Orleans, Louisiana, on this the 20th day of April, 2009.


 A.J. McNAMARA
 UNITED STATES DISTRICT JUDGE